UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16-cv-200-GCM
(1:14-cr-108-GCM-WCM-1)

| | | |
|---|---|---|
| **ANTHONY LAMONT HILL,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and Respondent's Motion to Dismiss, (Doc. No. 13).

### I.    BACKGROUND

Petitioner entered a straight-up guilty plea to: Count (1), Hobbs Act robbery in violation of 18 U.S.C. § 1951(a); and Count (2), using, carrying, and brandishing a firearm during and in relation to a crime of violence (Count (1)) in violation of 18 U.S.C. § 924(c). (1:14-cr-108-GCM-WCM ("CR"), Doc. No. 1) (Bill of Information);[1] (CR Doc. No. 5) (Notice of Intent to Plead Guilty and Request for Rule 11 Hearing). The plea was supported by a written Factual Basis. (CR Doc. No. 7) (Amended Factual Basis).

A Rule 11 hearing came before Magistrate Judge Dennis L. Howell on December 17, 2014. See (CR Doc. No. 11) (Acceptance); (CR Doc. No. 12) (Addendum to Acceptance). After conducting a thorough colloquy, Magistrate Judge Howell found that Petitioner's guilty plea was knowingly and voluntarily entered. (Id.).

---

[1] Petitioner waived indictment. See (CR Doc. No. 9).

1

The Presentence Investigation Report ("PSR") scored the offense level for Count (1) as 19. (CR Doc. No. 21 at ¶¶ 35-37). The guideline sentence for Count (2) is the statutory minimum sentence of seven years, consecutive. (CR Doc. No. 21 at ¶ 38). Petitioner had five criminal history points and a criminal history category of III. (CR Doc. No. 21 at ¶ 49). This resulted in a guideline imprisonment range of 37 to 46 months for Count (1) followed by seven years, consecutive, for Count (2). (CR Doc. No. 21 at ¶ 71).

In a Judgment entered on August 6, 2015, the Court adjudicated Petitioner guilty of Counts (1) and (2) and sentenced him within the advisory guideline range to 37 months' imprisonment for Count (1) and 7 years' imprisonment for Count (2), consecutive, followed by three years of supervised release. (CR Doc. No. 25). Petitioner did not file a notice of appeal.

Petitioner filed the instant § 2255 Motion to Vacate on June 20, 2016.[2] He argues that his § 924(c) conviction is invalid because the underlying charge is no longer a crime of violence pursuant to Johnson v. United States, 135 S. Ct. 2115 (2015).

This case was stayed for several years pursuant to the Fourth Circuit's consideration of United States v. Ali, Case No. 15-4433. (Doc. No. 5). The stay was lifted following the United States Supreme Court's issuance of United States v. Davis, 139 S. Ct. 2319 (2019). (Doc. No. 12).

The United States then filed a Motion to Dismiss arguing that Petitioner's claims are waived, procedurally barred, and foreclosed by United States v. Mathis, 932 F.3d 242 (4th Cir. 2019), which held that Hobbs Act robbery is a crime of violence. (Doc. No. 13).

---

[2] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C. foll. § 2255 (addressing inmate filings).

On June 18, 2020, the Court ordered Petitioner to respond to the Motion to Dismiss within 30 days and cautioned him that the failure to file a timely and persuasive response would likely lead to the dismissal of this action. (Doc. No. 14). Petitioner has not filed a response and the time to do so has expired.

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998) (internal citations omitted); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to

3

entertain the collateral attack. See United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Mikalajunas, 186 F.3d 490, 492–93 (4th Cir. 1999); United States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir. 1994).

Cause for procedural default exists, for instance, "where a constitutional claim [was] so novel that its legal basis [was] not reasonably available to counsel." Reed v. Ross, 468 U.S. 1, 16 (1984). Actual prejudice is then shown by demonstrating that the error worked to petitioner's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a petitioner must show actual innocence by clear and convincing evidence. See Murray, 477 U.S. at 496.

Petitioner failed to respond to the Government's Motion to Dismiss and, therefore, he has not demonstrated cause and prejudice or actual innocence and no exception to the procedural default rule is evident in the record. Petitioner's Rehaif claim is thus procedurally defaulted from collateral review and is subject to dismissal.

Even if this claim was not procedurally defaulted, it would be denied on the merits. Petitioner contends that his § 924(c) conviction is invalid because the predicate offense of Hobbs Act robbery is not a crime of violence.

In Johnson v. United States, 135 S. Ct. 2551 (2015), the United States Supreme Court announced that the Armed Career Criminal Act's ("ACCA") residual clause is void for vagueness, which is a retroactively applicable right. Welch v. United States, 136 S. Ct. 1257, 1265 (2016). The Supreme Court recently held that § 924(c)(3)(B)'s residual clause is likewise unconstitutionally vague. United States v. Davis, 139 S. Ct. 2319 (2019).

Davis does not affect Petitioner's conviction because the predicate offense of Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c). United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019). As such, Petitioner's § 924(c) conviction predicated on aiding and abetting Hobbs Act robbery is valid and Petitioner's § 2255 claim is meritless.

The Court will, therefore, grant the Government's Motion to Dismiss and Petitioner's § 2255 Motion to Vacate will be dismissed and denied.

## IV. CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss is granted and Petitioner's § 2255 Motion to Vacate is dismissed and denied.

**IT IS, THEREFORE, ORDERED** that:

1. The Respondent's Motion to Dismiss, (Doc. No. 13), is **GRANTED**.

2. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** and **DENIED**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

4. The Clerk is instructed to close this case.

Signed: August 14, 2020

Graham C. Mullen
United States District Judge