# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL ACTION NO. 1:14-CR-00108-GCM

| | |
|---|---|
| UNITED STATES,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY LAMONT HILL,<br><br>Defendant. | **ORDER** |

This matter comes before the Court upon two pro se motions for compassionate release/reduction of sentence (ECF Docs. 33 and 34) filed by Defendant Anthony Lamont Hill. The Government has filed its response (ECF Doc. 40), and these motions are fully briefed. The Court finds the following.

## I. BACKGROUND

In brief, Defendant was convicted of one count of robbery, pursuant to 18 U.S.C. § 1951(a), and one count of use of a firearm during and in relation to a crime of violence, pursuant to 18 U.S.C. § 924(c)(1)(A)(ii). He is currently serving a sentence of 121 months with a three-year term of supervised release to follow. Defendant filed these motions seeking compassionate release due to the spread of COVID-19 and its potential impact on his health based on health conditions of high blood pressure, depression, and an alleged heart condition. Defendant alternatively requests that the Court place him in home confinement (in a halfway house or home monitoring). The Government opposes Defendant's motions.

## II. DISCUSSION

### A. Motions for Compassionate Release/Reduction of Sentence

In relevant part, Title 18 of the United States Code, Section 3582, allows a defendant to file a motion seeking to modify his sentence for "extraordinary and compelling reasons," after the defendant has exhausted "all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after thirty days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A) (2018). If these exhaustion requirements are met,[1] then the Court may reduce the term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable," if the court finds "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The defendant bears the burden of establishing that he or she is eligible for a sentence reduction. *United States v. Jackson*, No. 3:90-cr-85-MOC-DCK, 2021 WL 2226488, at *3 (W.D.N.C. June 2, 2021).

As to the "applicable policy statements" the court must review in considering a sentence reduction, after the Government filed its Response to the pending motions, the Fourth Circuit concluded that there are no current "applicable policy statements" to consider. *United States v. McCoy*, 981 F.3d 271, 282 (4th Cir. 2020). This is because the previously applicable policy statement has not been updated since changes were made in the First Step Act. *Id.* Therefore, courts are free to consider any extraordinary and compelling reasons when determining whether a sentence reduction is appropriate. *Id.* at 284. Nevertheless, while the previously applicable policy statement is no longer "applicable" according to that term as used in Section 3582(c)(1)(A), it is still considered a helpful guidance. *Id.* at 282 n.7.

---

[1] There is no dispute regarding whether Defendant has met the exhaustion requirements for these motions.

The previously applicable policy statement, Section 1B1.13 of the United States Sentencing Guidelines, sets forth that extraordinary and compelling reasons which may justify compassionate release include: (i) that "[t]he defendant is suffering from a terminal illness" or (ii) that the defendant is suffering from "a serious physical or medical condition" or "a serious functional or cognitive impairment," or is "experiencing deteriorating physical or mental health because of the aging process" which "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13 cmt. n.1(A)(i)-(ii). The policy statement also specifies that, even if extraordinary and compelling reasons warrant a sentence reduction, the Court must find that "the defendant is not a danger to the safety of any other person or to the community." *Id.* at § 1B1.13(2).

Here, Defendant has not met his burden of establishing extraordinary and compelling reasons that warrant sentence reduction. Reducing Defendant's sentence on the general basis of COVID-19 would not be appropriate. Additionally, none of the health conditions Defendant claims raise any extraordinary or compelling reason to reduce his sentence on the basis of the existence of COVID-19. These conditions are not terminal, nor does Defendant allege that they limit his ability to provide self-care for himself. Moreover, the record indicates that the Bureau of Prisons is adequately caring for Defendant's medical needs in light of the pandemic. The record further indicates that the Bureau of Prisons has detailed and thorough COVID-19 protocols and procedures that are designed to carefully mitigate the risks of COVID-19. Even if the Court had found that Defendant's health conditions constitute "extraordinary and compelling reasons" for sentence reduction, which it does not, after consideration of the relevant factors, the balance of Section 3553 factors still do not favor reducing Defendant's sentence.

Regarding Defendant's request for "release early to the halfway house or to home monitoring," the Court notes that it is not authorized to direct the Bureau of Prisons to place Defendant in home confinement. *See* 18 U.S.C. § 3621(b); *see also United States v. McCoy*, No. 3:19-CR-00035-KDB-DCK, 2020 WL 5535020, at *1 (W.D.N.C. Sept. 15, 2020). Because only the Bureau of Prisons may alter Defendant's place of imprisonment, the Court must deny Defendant's request for home confinement.

For the reasons indicated herein, Defendant's motions for compassionate release should be denied.

### B. Motion to Seal

The Government also filed a Motion to Seal (ECF Doc. 41), requesting permission to seal certain attachments offered as evidence in its response to Defendant's motions. When a party makes a request to seal judicial records, the Court must (1) give the public notice and a reasonable opportunity to challenge the request to seal; (2) consider alternatives to sealing; and (3) if it decides to seal, make findings "specific enough that a reviewing court can determine whether the sealing is consistent with the First Amendment or the common law right to public access." W.D.N.C. LCrR 49.1.1; *see also Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004). In accordance with the law of this Circuit as well as the Local Rules, the Court has considered the Motion to Seal, the public's interest in access to such materials, and alternatives to sealing. The public has been provided with adequate notice and an opportunity to object to the Government's motion. The Government filed its motion on November 10, 2020, and it has been accessible to the public through the Court's electronic case filing system since that time. The Court determines that no less restrictive means other than sealing is sufficient because a public filing of such materials would reveal Defendant's private medical records. The Court concludes

that the sealing of these documents is narrowly tailored to serve the interest of protecting Defendant's private medical records.

### III. ORDER

**IT IS THEREFORE ORDERED** that Defendant Anthony Lamont Hill's two pro se motions for compassionate release/reduction of sentence (ECF Docs. 33 and 34) are **DENIED**.

**IT IS FURTHER ORDERED** that the Government's Motion to Seal (ECF Doc. 41) is **GRANTED,** and the portions of Defendant's medical records filed in response to Defendant's motions (ECF Doc. 42) shall be filed under seal until further Order of this Court.

**SO ORDERED**.

Signed: June 30, 2021

Graham C. Mullen
United States District Judge